HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEYBANK NA, | CASE NO. C13-5621RBL |
| Plaintiff, | ORDER |
| v. | |
| GERARDO ADAM CAZAREZ VALENZUELA, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Defendant Bindas's Motion for Reconsideration [Dkt. # 55] of the Court's Order [Dkt. #54] vacating the default judgment [Dkt. # 41] against her. The Court's vacation was conditioned on (1) she accept service and (2) the limitations period is tolled. Bindas asks the Court to remove the conditions, effectively terminating the lawsuit and KeyBank's effort to recover money that Bindas's then-boyfriend stole from its Anchorage vault almost nine years ago.

Bindas repeats her claim that the Court "determined" that KeyBank was not diligent in seeking to locate and serve her, when it sued in 2013. This is not accurate. The Court accepted as true Bindas's claim that she had a defense to KeyBank's collection effort; specifically, that she did not receive the stolen money. *See Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F.

ORDER - 1

App'x 406, 408 (9th Cir. 2018) (one seeking vacation of default judgment must present facts which, if true, constitute a defense to the underlying claim); *see also Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986) (describing default judgment factors, including the "preference for decisions on the merits where reasonably possible.").

This Court's order was primarily a reflection of its preference for resolving cases on the merits, not an endorsement of Bindas's version of the events. Bindas's claim that she knew nothing about the robbery or the escape is hard to believe—she was with her boyfriend when he quickly escaped to Mexico with bags of stolen money, guns and ammunition—and that casts doubt on her claims that she did not avoid service or receive any of the missing money. The Court's Order was an attempt to permit her to assert whatever defense she can to KeyBank's effort to recover some of that stolen money. It was not intended to permit her to claim the limitations period has expired.

KeyBank's response correctly articulates Washington's statutory tolling rule. RCW 4.16.170. KeyBank's timely service on Defendant Roberto tolled the time for serving Bindas.

The Court also imposed the tolling as an equitable consideration, for the reasons discussed above, and previously. Vacating a default judgment to permit resolution on the merits is equitable. Permitting the defendant to defend on the limitations period under these circumstances is not. KeyBank correctly articulates that the Court can, and did, impose the conditions to promote the "positive purposes" of the default procedures, without subjecting either litigant to their "drastic consequences." Doing so rectifies any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec* 854 F.2d 1538,

1546 (9th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2700, p. 538–39 (1983)).

The Court will not reconsider its prior ruling requiring Bindas to accept service, and its determination that the limitations period on KeyBank's claims was tolled once it timely commenced the action and timely served Roberto. RCW 4.16.170. The Motion for Reconsideration [Dkt. # 55] is DENIED. For the same reasons, Bindas's alternate request that the Court Stay these proceedings while she seeks to file an interlocutory appeal is also DENIED.

IT IS SO ORDERED.

Dated this 9th day of March, 2020.

Ronald B. Leighton
United States District Judge